ANNA M. LARR, APPELLEE, V. PAUL STEIN ET AL.,
APPELLANTS.

FILED JANUARY 2, 1915.    No. 17,965.

Judgment: SUMMONS: SETTING ASIDE RETURN. The return of an officer
that he has served a summons cannot be impeached, except by
clear and satisfactory evidence; but, if the evidence is sufficient,
a judgment based upon a false return may be set aside in equity.

APPEAL from the district court for Douglas county:
CHARLES LESLIE, JUDGE. *Affirmed.*

*John Macfarland* and *A. J. Kinnersley,* for appellants.

*W. C. Fraser, contra.*

LETTON, J.

Action in equity to set aside a judgment and to recover
money paid thereunder. Plaintiff prevailed, and defendant
appeals.

The plaintiff, whose name was formerly Petersen, mar-
ried one Larr in June, 1911. On July 14, 1911, she was
sued in justice court under the name of Anna M. Petersen
by the defendant Macfarland, who is an attorney at law,
to recover the sum of $200, which he alleged was due him
for legal services. A summons was issued and a return
made by defendant Stein, who was then constable, certify-
ing that he had made personal service upon Anna M. Peter-
sen on the 18th of July, 1911. No appearance was made,
and judgment by default was rendered for $200 and costs.
This judgment was transcripted to the district court, where
certain proceedings in garnishment were had and money
seized. In that court plaintiff herein appeared, and moved
to dismiss the proceedings on two grounds: First, that
the garnishee received the money in his hands as clerk
of the district court, and the fund was for that reason not
subject to garnishment; second, that the judgment in the
justice court upon which the proceedings were based was

null and void. The district court found that Macfarland was entitled to have the money in the hands of the garnishee paid to him upon the judgment, and $185 was so paid.

Plaintiff alleged that she had no knowledge of the proceedings in the justice court until after the garnishment proceedings were begun, that she had never been served with a summons, and that she was not indebted to Mr. Macfarland. The answer pleads the validity of the judgment in the justice court, that the issues in this case were adjudicated in the garnishment proceedings in the district court, and alleges that Mr. Macfarland performed legal services for the plaintiff of the value of $200.

Plaintiff called the constable as her first witness. He testified that he served the summons upon her personally in a two-story boarding or rooming house on Twenty-third street, north of Clark street, in Omaha; that the house was numbered about 1810 or 1812; that plaintiff lived upon the lower floor, and was upon the porch when he served her. He testified that Mrs. Larr, who was in the court room, "is the lady * * * to the best of my recollection." Mrs. Larr testified that, with her husband, she lived until the fall of 1911 at Twenty-fourth and Charles street in a two-story house; that the lower part was rented to another family; that they lived upstairs, and that the entrance to their rooms was by an outdoor stairway; that in September of that year the building was moved a distance of about four blocks to the neighborhood of Twenty-third and Clark street, where they afterwards lived. She testified positively that she never was served with a summons in the justice court case; that she knew Stein by sight, and knew he was a constable, but she never knew that Macfarland made any claim for services, and never heard of the suit until after garnishment proceedings were begun. She testified she had a written contract with Mr. Macfarland, whereby he was to have an interest in a lot for certain service to be rendered, but says that the service was never performed, and that by mutual agreement the contract was canceled and revoked, and he has performed

no service for her of any kind. Mr. Larr testified that during the whole month of July, 1911, he was sick at home, and corroborates her testimony as to living then upstairs at Twenty-fourth and Charles street, and as to the moving of the house. The evidence of these two witnesses as to their residence was not disputed. We are satisfied from the evidence that the summons had never been served.

The questions as to whether plaintiff was indebted to Macfarland for services and whether the surrender of the written contract terminated their relations are more difficult to solve. Both Mr. Macfarland and his stenographer testify to several conversations in Mr. Macfarland's office between him and plaintiff. The stenographer says she heard Mr. Macfarland say he would surrender the contract if plaintiff would pay him. Were it not for the fact of the destruction of the written contract by mutual consent, we would be inclined to take the view that some service at least had been performed, for which compensation should be paid; but, considering all the testimony on this point, and giving the findings of the district court due consideration, we have come to the same conclusion as did that court, and are of the opinion that plaintiff was entitled to the relief prayed.

Defendant contends that the question as to the validity of the judgment was tried and determined in the garnishment proceedings in the district court. The proof shows that no testimony was taken upon this issue, and no finding was made by the court. The court evidently was of opinion that such a collateral attack could not be made upon the judgment.

The judgment of the district court is

AFFIRMED.

BARNES and SEDGWICK, JJ., not sitting.